The Full Commission has reviewed the prior Opinion and Order based upon the record of the proceedings before Deputy Commissioner Pamela Young. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Finding of Fact #13, Conclusion of Law #1, and Award #1 and 2.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the plaintiff-employee and defendant-employer on 29 November 1993.
3. The parties stipulated to a packet of 23 exhibits of memoranda, letters, medical records and Industrial Commission Orders.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. The plaintiff-employee suffered a compensable injury to his back on 15 February 1996, when he slipped and fell eight feet to the ground after securing a load to the bed of his truck. This claim was accepted by the defendant via a Form 60 prepared on 6 March 1996. The plaintiff-employee has not returned to work for the defendant-employer in any capacity since the date of his injury.
2. The plaintiff-employee received initial treatment for his injury from Durham County Hospital. Subsequently, he was treated by an orthopaedic surgeon, Dr. Andrew Bush of the Durham Clinic, on 20 February 1996. Dr. Bush diagnosed the plaintiff-employee with acute lumbar strain and degenerative arthritis of the lumbar spine region.
3. On 30 April 1996, the plaintiff-employee was evaluated by Dr. Ralph Corey in the Outpatient Clinic at Duke University Medical Center. Dr. Corey opined that the plaintiff-employee had severe muscle spasms that prevented him from engaging in physical labor at that time. Dr. Corey recommended a rehabilitation program in order to facilitate getting the plaintiff-employee back to work in the following two to three months. Dr. Corey was not an authorized treating physician.
4. Dr. Bush continued to provide treatment until 7 June 1996, when he released the plaintiff-employee to regular duty with no limitations or restrictions. Dr. Bush noted that he could find no physiological basis for the plaintiff-employee's complaints. By letter dated 14 June 1996, Dr. Bush informed the plaintiff-employee's Medical Case Manager that all diagnostic exams proved negative for any significant pathology. Dr. Bush indicated that the plaintiff-employee had undergone a work capacity assessment on 26 April 1996 and that this test showed "certain inconsistencies and symptom magnification."
5. The plaintiff-employee underwent an independent medical examination by an orthopaedic surgeon, Dr. Daniel Albright at Raleigh Orthopaedics, on 12 July 1996. Dr. Albright noted that most of the plaintiff-employee's motions were "excessive, dramatic, and hyperventilating." Dr. Albright opined that the plaintiff-employee had chronic low back pain with possible symptom magnification and inconsistencies documented from his previous physician. Dr. Albright recommended that the plaintiff-employee return to light duty work for one week and then return to his regular duty on 19 July 1996.
6. The plaintiff-employee sought unauthorized treatment from Dr. William Richardson of the Orthopaedic Clinic at Duke University Medical Center on 22 July 1996. The defendant, Key Risk Management, subsequently authorized a bone scan and one follow-up visit with Dr. Richardson. The bone scan was negative and on 30 December 1996, Dr. Richardson released the claimant to return to light duty work, with no lifting over ten to fifteen pounds, no bending or twisting, and frequent change of position.
7. In a letter to the Industrial Commission dated 6 October 1996, the plaintiff's counsel indicated that the plaintiff-employee had not received checks for the 20th or 27th of September, 1996. Plaintiff's counsel informed the agent for the defendant, Key Risk Management, that benefits could not be terminated without filing a Form 24. The defendant agreed to re-start benefits and to file a Form 24. Plaintiff's counsel alleged that the plaintiff-employee had not received his disability payments as of 6 October 1996, and he requested reinstatement of benefits, a 10% penalty under N.C. GEN. STAT. § 97-18(e), and an attorney's fee in the amount of 25% of the benefits to be paid by the carrier from 20 September 1996 and continuing.
8. On 12 December 1996, the defendant, Key Risk Management, sent a letter to the Industrial Commission indicating that the plaintiff-employee's benefits had been brought up to date and that a Form 24 would not be filed until the plaintiff-employee underwent further testing recommended by Dr. Richardson. Plaintiff's counsel responded by letter of 16 December 1996, in which he reiterated his demand for penalties and sanctions.
9. On 15 January 1997, the Executive Secretary of the Industrial Commission, filed an Order stating that the defendant-employer had reinstated benefits pending a Form 24 hearing. The defendant-employer was ordered to pay a 10% penalty on all amounts of compensation issued more than fourteen days after the date on which they became due. No attorney's fees or costs were assessed.
10. On 17 January 1997, plaintiff's counsel appealed the Executive Secretary's decision not to award an attorney's fee. By letter dated 27 January 1997, the Industrial Commission instructed the plaintiff-employee to file a Form 33 Request for Hearing if he wished to appeal the Executive Secretary's decision.
11. On 30 January 1997, plaintiff's counsel filed a Form 33 with the Industrial Commission appealing the Executive Secretary's Order denying sanctions. The defendant's counsel sent a letter of representation to the Industrial Commission on 20 March 1997. On 26 March 1997, defendant's counsel filed a Form 33R Response to Request that Claim be Assigned for Hearing.
12. On 21 April 1997, the Executive Secretary filed an Order approving an attorney's fee for plaintiff's counsel for his work in reinstating the plaintiff-employee's benefits after the carrier terminated them without first obtaining a Form 24 authorization. The Executive Secretary ordered that the amount of $627.54 could be disbursed from his trust account, as well as every fourth check of ongoing temporary total disability benefits, without deduction of the plaintiff-employee's child support obligation.
13. The Full Commission finds that defendant's non-compliance of North Carolina Industrial Commission rules by temporarily cutting off benefits without Industrial Commission approval warrants defendant to pay plaintiff's attorney's fees. By failing to follow Industrial Commission requirements, Defendant has caused this case to be litigated before the Executive Secretary, Deputy Commissioner Pam Young and now before the Full Commission. The Executive Secretary's decision not to award sanctions in the form of a penalty for late payment of penalties was proper. Although the Executive Secretary did finally award attorney's fees, this was after notice of appeal had been given, and, the attorney's fees were not taxed against the Defendant as requested. Reasonable attorney's fees for plaintiff through the Full Commission is deemed to be $1,627.54.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to collect from Defendant an attorney's fee of $1,627.54 for failure to comply with N.C. Industrial Commission Rule 802.
2. N.C. Gen. Stat. § 97-18(g) does not provide for penalties for late payment of a penalty.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The 21 April 1997 Order of the Executive Secretary of the Industrial Commission is hereby MODIFIED and AFFIRMED.
2. Defendant shall pay the cost, including a reasonable attorney's fee of $1,627.54 to plaintiff's attorney.
This the 27th day of October 1998.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER